IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                       CASE NO. 21-3097-SAC

MICHELLE TIPPIE, et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2). Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 5).

Plaintiff argues that he is seeking the appointment of counsel to stop harassment and constant mistreatment by the Defendants. Plaintiff sets forth the facts underlying his multiple cases pending before this Court. Plaintiff alleges that his outgoing mail is being tampered with by Defendants and alleges a denial of court access. Plaintiff alleges that the appointment of counsel would protect him from harassment, grant him court access, and protect him from vindictive judges and the "wrongful use of Local Rules, Civil Rules." However, Plaintiff's current motion for appointment of counsel was received by the Court and filed in six of Plaintiff's pending cases. Plaintiff has also filed motions and notices in this case.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v.*

*Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 5) is **denied without prejudice.**

**IT IS SO ORDERED.**

**Dated June 25, 2021, in Topeka, Kansas.**

                                               **s/ Sam A. Crow**
                                               **Sam A. Crow**
                                               **U.S. Senior District Judge**