IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                              CASE NO. 21-3097-SAC

MICHELLE TIPPIE, et. al,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On September 23, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 19) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended compliant to cure the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's Motion to Recuse (Doc. 20) under 28 U.S.C. § 144.

Plaintiff moves to have the undersigned recuse based on "prejudice and retaliation." Plaintiff alleges that the undersigned is retaliating against him because he filed a judicial misconduct complaint with the Executive Office of the Court of Appeals regarding the dismissal of Plaintiff's prior case. Plaintiff alleges that the undersigned is using the screening process to get revenge on Plaintiff. Plaintiff alleges that the undersigned's "tone changed" after Plaintiff filed complaints on two other judges. Plaintiff alleges that his motion is based on the undersigned's "motives not orders." The remainder of Plaintiff's motion argues the merits of his claims in this case as well as other cases that are/were pending before this Court.

Plaintiff attaches an affidavit in which he declares the undersigned: is prejudiced against him because he filed judicial misconduct complaints against the undersigned and two other judges; has allowed staff at the CCJ to throw away his outgoing mail; has allowed staff at the CCJ to take the law library away from him during litigation; has intentionally misconstrued his § 1983 cases in order to dismiss them out of malice and revenge; is rounding out the defendants' arguments for them and acting as their attorney; is being investigated based on a prior case.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Plaintiff alleges that his motion is not based on orders, but he in fact complains about the orders entered upon screening his complaint. His allegations that the undersigned is "allowing" staff at the CCJ to throw away his mail and take away the law library is based on prior orders denying his requests for relief. Plaintiff's complaint has not survived screening and defendants have not been served in this case. Plaintiff's claims of revenge and retaliation are based on nothing other than adverse rulings.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or

prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1).  Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is

the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).  A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).  Judges have a duty to sit when there is no legitimate reason to recuse.  *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay.  *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper.  Knowing all of the relevant facts, no reasonable person could harbor doubts about the

undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Recuse (Doc. 20) is **denied.**

**IT IS SO ORDERED**.

**Dated October 6, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**