IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                                           CASE NO.  21-3097-SAC

MICHELLE TIPPIE, et. al,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was detained at the Cherokee County Jail in Columbus, Kansas ("CCJ"). Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On February 1, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 30) ("MOSC") directing Plaintiff to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 31).

Plaintiff claims that he was placed in segregation without receiving a disciplinary hearing after he had a love letter delivered to a sergeant at the CCJ. He also claims that he was placed in a restraint chair after he failed to shower for four days and covered the camera in his cell twice. Plaintiff also claims that he was punished for having an envelope covering his camera; was denied the restroom during meals; and that there was a fifteen-hour delay in receiving medication and an ice pack for his wrists.

The Court found in the MOSC that Plaintiff failed to allege that Defendants exaggerated their response when they segregated him after he sent a love letter to a sergeant at the jail, when they restrained him after he continued to cover the camera in his cell, or when they removed him from his cell after he covered his light with a manilla envelope. Plaintiff failed to allege that the restrictions are not reasonably related to the institution's interest in maintaining jail security. All of the incidents involved staff's response to misconduct by Plaintiff. If a pretrial detainee is placed in segregation for managerial reasons and not for punishment, then no process is required. *See Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (stating that "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons") (citation omitted), *vacated in part by* 449 F.3d 1097 (10th Cir. 2006).

The Court found that Plaintiff's excessive force claim failed to allege wrongdoing that is objectively harmful enough to establish a constitutional violation. Plaintiff acknowledged that he covered his light, he was cussing at the officials when they came into his cell, that he turned to grab his glasses, and that he turned to talk to a sergeant while he was being escorted to segregation.

The Court also found that Plaintiff failed to allege a constitutional violation regarding the delay in receiving medical care. In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff's claim that he had an indention in his wrist after the handcuffs were removed does not show a lifelong handicap, permanent loss, or

considerable pain.  The Court also found that Plaintiff failed to satisfy the subjective prong.  The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).  Plaintiff has failed to show that the officials were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

Plaintiff alleges that inmates are not allowed to use the restrooms in their cells during mealtime.  The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm."  Plaintiff also failed to allege "deliberate indifference" by any defendant.

Plaintiff's response fails to sufficiently address the deficiencies set forth in the MOSC.  Plaintiff continues to argue that he was improperly punished and denied a disciplinary hearing.  Plaintiff acknowledges that he sent a love letter to a sergeant at the jail, that he covered his cameral in his cell twice, and that he covered his light with an envelope.  In his response, he argues that he was not being violent, harming himself, or threatening staff.  However, other situations justify maintenance of jail security.  *See Peoples*, 422 F.3d at 1106 ("A detention center, however, has a legitimate interest in segregating individual inmates from the general population for nonpunitive reasons, including 'threat[s] to the safety and security of the institution.'") (citation omitted).  Plaintiff's response fails to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 9, 2022, in Topeka, Kansas.**

             **s/ Sam A. Crow**
             **Sam A. Crow**
             **U.S. Senior District Judge**