IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

    **Plaintiff,**

    v.                                                                                CASE NO. 21-3097-SAC

MICHELLE TIPPIE, et. al,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was detained at the Cherokee County Jail in Columbus, Kansas. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On March 9, 2022, the Court entered a Memorandum and Order (Doc. 32) dismissing this matter for failure to state a claim.

On March 16, 2022, Plaintiff filed a Notice of Appeal (Doc. 35) and a Motion for Certificate of Appealability (Doc. 34). Plaintiff has not paid the appellate filing fee nor has he filed a motion for leave to proceed *in forma pauperis* on appeal. Section 1915(g) provides that "[i]n no event shall a prisoner . . . appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is a three-strikes litigant. *See In re Brian Michael Waterman*, Case No. 21-3049, Doc. 010110507615, at 2 (10th Cir. April 14, 2021) (finding that Waterman failed to present even a colorable claim to mandamus relief and dismissal of his petition as frivolous counts as a

strike for purposes of the three-strikes provision in 28 U.S.C. § 1915(g)); *Waterman v. Crawford County Jail*, Case No. 18-3035-SAC, Doc. 28 (D. Kan. June 4, 2018) (dismissing for failure to state a claim); *Waterman v. Tippie*, Case No. 18-3295-JTM-GEB, Doc. 22 (D. Kan. July 8, 2019) (dismissing for failure to state a claim).

As a three-strikes litigant, Plaintiff is not entitled to appeal without prepaying the appellate filing fee unless he shows imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  Plaintiff's claims in this case are based on conditions during his detention at the Cherokee County Jail in Columbus, Kansas.  Plaintiff is currently incarcerated at the Hutchinson Correctional Facility.  Because Plaintiff has not shown that he meets the only exception set forth in § 1915(g), the Court denies leave to appeal *in forma pauperis*.

In his Motion for Certificate of Appealability, Plaintiff argues that despite his three strikes, he should be allowed to appeal *in forma pauperis* because he was granted leave to proceed *in forma pauperis* in his case before this Court.  Plaintiff points to Fed. R. App. P. 24(a)(3) which provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court . . . certifies that the appeal is not taken in good faith . . . ." Fed. R. Civ. P. 24(a)(3)(A).  Plaintiff then asks this Court to certify that his appeal was taken in good faith, and argues the merits of his claims.   However, the Rule goes on to provide that leave shall not be granted if the Court "finds that the party is not otherwise entitled to proceed in forma pauperis" or "a statute provides otherwise."  *Id*. at (A) and (B).

The Court finds that Plaintiff is not entitled to proceed *in forma pauperis* on appeal due to his three strikes, and § 1915(g) is a statute that "provides otherwise."   Therefore, the Court

denies Plaintiff's request for this Court to certify that his appeal was taken in good faith. Any request for leave to proceed *in forma pauperis* on appeal is denied pursuant to § 1915(g).

Plaintiff argues that he has filed to reinstate his appeal, which will "lift the 3rd strike." (Doc. 34, at 2.) However, as set forth above, Plaintiff has three strikes and there is no pending motion to reopen in Case No. 21-3049 in the Tenth Circuit Court of Appeals. Furthermore, Plaintiff has also received a strike in this Court's dismissal of this case as well as in Case No. 20-3320, Case No. 20-3154, and Case No. 20-3243. *See* Doc. 32 (dismissing this case on March 9, 2022, for failure to state a claim); *Waterman v. Bd. of Cty. Comm'rs*, Case No. 20-3320-SAC, Doc. 31 (D. Kan.) (dismissing case on March 2, 2022, for failure to state a claim); *Waterman v. Groves*, Case No. 20-3154-SAC, Docs. 86, 89 (D. Kan.) (dismissing case on February 1, 2022, for failure to state a claim); *Waterman v. Degroot*, Case No. 20-3243-SAC, Doc. 28 (D. Kan.) (dismissing case on December 7, 2021, for failure to state a claim).

Any other request for a certificate of appealability is denied because a certificate of appealability is not necessary in a civil rights action. *See Smith v. Cowman*, 208 F. App'x 687, (10th Cir. 2006) (unpublished) ("Because this is a § 1983 action, not a habeas action, the district court properly ruled that the application for a certificate of appealability was moot."); *Lawson v. Engleman*, 67 F. App'x 524, 527 n.4 (10th Cir. 2003) (unpublished) ("Because a certificate of appealability is not necessary for a prisoner civil rights appeal, we do not consider Lawson's motion for a certificate of appealability"); *Hicks v. Woodruff*, 216 F.3d 1087 (Table), 2000 WL 854269, at *4 (10th Cir. June 28, 2000) (unpublished) (denying request for appealability as moot and stating that "[a]n appeal from a district court decision in a 42 U.S.C. § 1983 civil rights case does not require a certificate of appealability").

**IT IS THEREFORE ORDERED** that Plaintiff is **denied** leave to proceed without prepayment of fees on appeal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Certificate of Appealability (Doc. 34) is **denied.**

Copies of this order shall be transmitted to Plaintiff and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED**.

**Dated March 16, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**